416 So.2d 1158 (1982)
Donald TOPLEY a/k/a Donnie Tarpley, Appellant,
v.
STATE of Florida, Appellee.
No. 81-920.
District Court of Appeal of Florida, Fourth District.
June 9, 1982.
Rehearing Denied August 11, 1982.
*1159 Richard L. Jorandby, Public Defender, Marcy Karr Allen and Ellen Morris, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Russell S. Bohn, Asst. Atty. Gen., and James P. McLane, Legal Intern Certified, West Palm Beach, for appellee.
DOWNEY, Judge.
The criminal episode giving rise to the charges in this case involved the burglary of a jewelry and gift store. From the evidence, we determine that appellant Topley's car was seen in the vicinity of the burglary in the City of Stuart and a high speed chase ensued to the Martin County line. There appellant's car was stopped and two males exited the car and entered nearby woods, where appellant and a cohort were eventually apprehended. Many of the stolen items were found in the trunk of appellant's automobile, including a display case with appellant's fingerprint on it.
Appellant was charged with Count I, burglary of a structure; Count II, grand theft; and Count III, criminal mischief causing damage over $1,000. A jury trial resulted in appellant's conviction on all three counts as charged.
On appeal no contention is made that the evidence was not sufficient to convict appellant. Rather reversal is sought on the grounds 1) that appellant was tried in jail clothing and 2) the trial court erred in not granting a mistrial because of the prosecutor's remarks in closing argument. We find no merit at all in appellant's second contention. However, since the first point raises a due process question, we find it deserves more detailed treatment.
When appellant arrived at the Martin County Jail he was relieved of his clothes, which the State proposed to use in evidence, and he was issued jail garb. In view of the confiscation of his clothes, appellant filed a pretrial motion requesting funds with which to purchase clothes to wear to trial. Although the motion was denied, the trial court offered appellant time to seek civilian clothing from friends or some social agency or any other source. Appellant renewed his motion when he arrived at the courthouse for trial, but once again the trial judge denied the motion. However, the trial judge offered to give the jury a curative instruction relative to the presumption of innocence and the necessity that no inferences be made from appellant's clothing. The case proceeded to trial; no curative instruction was requested or given and appellant was convicted. We think it worthy to note that appellant was not a resident of Martin County, that he remained incarcerated from the date of his arrest through the date of trial, and that he was indigent and represented by the public defender.
The problem with compelling a defendant to be tried in prison or jail clothes is that it may have an insidious effect upon the presumption that he is innocent.[1] As *1160 the Supreme Court of the United States said in Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976):
[T]he constant reminder of the accused's condition implicit in such distinctive identifiable attire may affect a juror's judgment. The defendant's clothing is so likely to be a continuing influence throughout the trial that, not unlike placing a jury in custody of deputy sheriffs who were also witnesses for the prosecution, an unacceptable risk is presented of impermissible factors coming into play. 425 U.S. at 504-505, 96 S.Ct. at 1693, 48 L.Ed.2d at 131.
Although requiring an accused to appear for trial in prison garb is generally condemned, the courts have not embraced an automatic rule requiring reversal in all instances. Rather, as the court said in Estelle, supra:
Instead, they have recognized that the particular evil proscribed is compelling a defendant, against his will, to be tried in jail attire. The reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury... . This is apparently an accepted practice in Texas courts ... including the court where respondent was tried. (Citations omitted.)
-425 U.S. at 507-508, 96 S.Ct. at 1694-1695, 48 L.Ed.2d at 132-133.
Compelling the defendant's appearance so dressed may impinge upon his presumption of innocence and thus constitute a violation of his constitutional right to due process. Estelle, supra, Bentley v. Crist, 469 F.2d 854 (9th Cir.1972). However, the error is not necessarily reversible. In fact, many courts have applied the harmless error rule in this situation. Hernandez v. Beto, 443 F.2d 634 (5th Cir.1971); Watt v. Page, 452 F.2d 1174 (10th Cir.1972); Bentley v. Crist, 469 F.2d 854 (9th Cir.1972); Thomas v. Beto, 474 F.2d 981 (5th Cir.1973); and see other cases cited at Annotation, Wearing Prison Garb at Jury Trial  26 A.L.R.Fed. 535, § 7[a]. Nevertheless, under these circumstances, error must be found harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
Although appellant does not attack the sufficiency of the evidence, we are unable to say with the degree of certitude required by Chapman, supra, that denial of appellant's motion for funds to procure clothing for trial was harmless error. On the other hand, we are also unable to determine that under the circumstances of this case appellant was actually compelled to go to trial in prison garb. As pointed out earlier in this opinion, an accused may prefer to go to trial so garbed as a matter of tactics in the hope of creating sympathy with the jury for his plight. Thus, appellant's right not to be compelled to submit to trial in that fashion, like so many others, can be waived by failure to assert it. Estelle v. Williams, supra. In the present case the fact that appellant requested that he be furnished funds (from whom we do not know) to purchase clothing so he would not have to appear in his jail issue clothing does not end the matter. For in order to require the State to furnish clothing an accused ought to be required to show that he does not have clothes available to him from sources such as family, friends, social agencies, or his own funds.
We, therefore, remand the cause to the trial court to determine, after an evidentiary hearing, whether appellant could have obtained suitable clothing for trial from any of the mentioned sources and thus whether he was compelled to go to trial in his jail clothing. The trial court is requested to file its findings and conclusions, together with a transcript of the hearing, with this court within 60 days from date hereof.
REMANDED with directions.
WALDEN, J., concurs.
LETTS, C.J., dissents with opinion.
*1161 LETTS, Chief Judge, dissenting:
The defendant was not "compelled" to go to Court in prison garb. On the contrary the Court offered the defendant a chance to seek civilian clothing. There is no record that he did so and was unsuccessful. Surely he has the burden of demonstrating error.
Moreover, the defendant did not request clothes as such. Instead he asked for money to purchase same. Our majority opinion may, for the future, tacitly approve a practice whereby the county, hence the taxpayer, has to buy clothes for a defendant. I deplore any such expansion of the law.
Finally, the evidence of guilt is overwhelming in this case and at the very least the harmless error doctrine should apply.
NOTES
[1] Prison clothing was described as a "brand of incarceration" in Eaddy v. People, 115 Colo. 488, 174 P.2d 717 (1946).