DOWNEY, Judge.
On June 9, 1982, we issued an opinion in this case remanding the cause to the trial court for an evidentiary hearing to determine whether appellant could have obtained suitable clothing for trial from his family, friends, or social agencies. The trial court has held an evidentiary hearing and found therefrom that appellant did have clothing available to him to wear at his trial.
On this appeal appellant contended that he was compelled to go to trial in prison garb, which constituted a violation of his constitutional right to due process because it impinges upon the presumption of innocence. We thoroughly discussed that aspect of the case in the former opinion, Topley v. State, 416 So.2d 1158 (Fla. 4th DCA 1982).
The record reflects that appellant on two occasions requested the trial court to require the State to furnish him with funds to obtain civilian clothing to wear to trial. The trial court refused to grant those requests, but suggested to appellant that he try to obtain clothes from some of the social agencies in the area. The record is absolutely silent regarding any attempt by appellant to obtain clothes from such agencies. However, there is an abundance of evidence adduced at the evidentiary hearing on remand that local agencies, the Salvation Army, St. Vincent de Paul Society, a specific church, and the Red Cross would furnish clothes upon such a request.
Accordingly, we hold that there is substantial competent evidence to support the trial judge’s finding that appellant was not compelled to go to trial in prison garb.
The judgment appealed from is affirmed.
LETTS, C.J., and WALDEN, J., concur.