443 So.2d 164 (1983)
James SEWELL, Appellant,
v.
STATE of Florida, Appellee.
No. AT-64.
District Court of Appeal of Florida, First District.
December 12, 1983.
Robert G. Kerrigan of Kerrigan, Estess & Rankin, Pensacola, for appellant.
Jim Smith, Atty. Gen., Wallace Allbritton, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Sewell appeals an order of the trial court finding him guilty of direct criminal contempt for failure to appear at the time set by the court for the commencement of a trial. He contends there is no evidence that he intended to interfere with the functioning of the court. We agree and reverse.
Sewell is an assistant public defender and was before Judge Gordon on 18 April 1983 representing a defendant during jury selection. After selection, the judge announced that trial would begin at 8:30 a.m. on 20 April 1983.
At 8:30 a.m. on 20 April, neither Sewell nor the prosecutor was in the courtroom. Both were summoned to the courtroom and the trial began. After the judge declared a mistrial, he asked both the prosecutor (who *165 was not present on 18 April when the court announced the 8:30 a.m. starting time) and Sewell to show cause why they should not be held in contempt for showing up late.
The prosecutor stated that he was not informed by the prosecutor who was present at the jury selection that trial would start at 8:30. He said he assumed the trial would begin at 9:00 a.m. because all other cases he had handled began at 9:00 a.m. Sewell said he did not hear the court announce the 8:30 a.m. starting time and also assumed that trial would start at 9:00 a.m. He apologized for being late.
The judge did not hold the prosecutor in contempt because the court was not sure whether he knew of the starting time. The judge did hold Sewell in contempt and assessed a $25.00 fine. The next day the judge suspended the $25.00 fine.
Sewell appealed on 20 May 1983 and on 24 May 1983 the judge filed a Judgment of Contempt and Sentence Nunc Pro Tunc finding Sewell guilty of direct criminal contempt. This judgment found that it was not certain whether Sewell was in the courtroom when the announcement of the starting time was made, however, if he was not in the courtroom he left without the court's permission. The judgment also contained a finding that the court had warned Sewell several times before 20 April about being late for court.
Sewell filed an affidavit on 8 June 1983 asserting the judge had never warned him about being late before 20 April. The affidavit was stricken from the record on appeal following the State's motion to strike.
Criminal contempt requires some willful act or omission calculated to hinder the orderly functions of the court. Ray v. State, 352 So.2d 110 (Fla. 1st DCA 1977).
The record, including the judge's findings of fact, doesn't show that Sewell was intentionally late for court. Both Sewell and the prosecutor told the court that proceedings usually begin at 9:00 a.m. so they assumed the trial on April 20 would also start at 9 a.m. Sewell was not dilatory. He apologized to the court for being late.
The State's assertion that "a disclaimer of intent to be contemptuous is not sufficient to deprive a trial judge of the power to punish contempt" is true, but only if a finding of intent is supported by the facts. The judge's finding he had warned Sewell about being late several times before should not be used to show willfulness because there is no proof of these prior warnings.
The trial court abused its discretion and must be reversed.
THOMPSON and WIGGINTON, JJ., concur.