PER CURIAM.
This is an appeal from a conviction for contempt of court. The evidence is insufficient to establish that appellant engaged in willful conduct or acted in a manner calculated to hinder the orderly process of the court. The evidence is insufficient to establish that appellant intentionally violated any rule or order of the court or conducted himself in such a manner as to display contempt for the court. The evidence, at best, demonstrates that appellant was negligent in failing to appear at the proper time for trial. The only reasonable inference from the evidence is that appellant was either negligently misled by his secretary/wife concerning when he was expected to appear for trial or that the instructions of the judge’s secretary were misunderstood. See Stevens v. State, 547 So.2d 279 (Fla. 5th DCA 1989); Sewell v. State, 443 So.2d 164 (Fla. 1st DCA 1983); Thomson v. State, 398 So.2d 514 (Fla. 2d DCA 1981); Litus v. McGregor, 381 So.2d 757 (Fla. 5th DCA 1980).
The judgment of contempt is reversed.
REVERSED.
DAUKSCH, COWART and GRIFFIN, JJ., concur.