PER CURIAM.
Defendant Larry Ham appeals his conviction for false imprisonment, sexual battery, aggravated battery, and robbery. Defendant contends that his objection to a portion of the prosecution’s closing argument should have been sustained, and that a new trial is warranted, on the theory that the prosecutor’s comment denigrated the concept of reasonable doubt and the jury’s function with relation to it.* We conclude that when the argument is read in its full context, there was no denigration, and no material misstatement of the jury’s function. The situation presented here differs substantially from those involved in the cases relied on by defendant, such as Mahorney v. Wattman, 917 F.2d 469 (10th Cir.1990); Eberhardt v. State, 550 So.2d 102 (Fla. 1st DCA 1989), review denied, 560 So.2d 234 (Fla.1990); and Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987). Assuming arguendo that the objection should have been sustained, the error was harmless beyond a reasonable doubt. See State v. Lee, 531 So.2d 133, 137 (Fla.1988); *869 State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.

 [PROSECUTOR]: All the evidence that I told you you would see has been seen. We delivered. We have met our burden of proof.
You are going to hear a lot about reasonable doubt. We have to prove our case beyond a reasonable doubt. But ladies and gentlemen, let's really get down to it. You are not here to find doubt. You are here to find the truth, and there has been a lot of smoke screens.
[DEFENSE COUNSEL]: Judge, I'm going to object to that comment. It is totally inappropriate.
[THE COURT]: Overruled.