DANAHY, Acting Chief Judge.
B.S., who was 13 years old at the time a juvenile petition charged him with robbery and aggravated battery, appeals an order of contempt against him based on his failure to follow the trial judge’s instructions to appear at a motion hearing during his prosecution. We reverse, finding that the trial judge abused his discretion because there is no showing in the record that B.S. refused to conform to the judge’s instructions to attend the motion hearing. See § 38.23, Fla.Stat. (1991).
The trial judge had consolidated seven juvenile eases based on one incident where the juvenile defendants allegedly robbed another youth and stole his bicycle at a junior high school in Tampa. As a result of this consolidation, at all subsequent hearings most or all of the defendants, their attorneys, and many of their parents were present before the court at the same time. This resulted in a great deal of pre-trial confusion. At a motion hearing on August 27, 1992, the state announced it wished to perpetuate an out-of-state witness’s testimony. The juveniles’ attorneys would not stipulate to the grant of the state’s motion, so a hearing on the state’s motion was scheduled for September 4. The judge instructed the attorneys, the defendants, and their parents who were present that he expected all defendants to appear at this hearing. Also during this hearing the clerk provided the attorneys and parents present with a written notice of a hearing on a different date set for October 7. This caused confusion over which hearing the juveniles were expected to attend. When B.S. did not appear at the September 4 hearing, the judge issued a pick-up order and B.S. was placed in secure detention pending a show cause hearing.
At the show cause hearing, B.S.’s mother and attorney both testified to the confusion generated at the August 27 hearing by the apparently conflicting oral instructions the judge gave them and the written notice they received from the clerk. After the August 27 hearing B.S.’s mother had attempted to clarify the confusion by calling the defense counsel’s secretary but did not receive the necessary clarification. Because B.S.’s defense counsel and mother both admitted hearing the judge tell them at the August 27 hearing that B.S. was expected to attend the September 4 hearing, the judge held B.S. in contempt for failure to heed the judge’s instructions to attend that motion hearing. The judge was not mollified by their excuses regarding the confusion they felt. In the judge’s order of contempt the judge found that: “The child was at the time of the offense thirteen (13) years of age. On September 4, 1992, in Hillsborough County, State of Florida, the child did commit the offense of Criminal Contempt.”
On appeal, B.S. contends that there was no showing that his failure to appear at the September 4 hearing was willful. We agree. At most the record shows that his attorney and parent were negligent in failing to ascertain whether his presence was necessary. See Prior v. State, 562 So.2d 864 (Fla. 5th DCA 1990).
We reverse the order of contempt.
THREADGILL and LAZZARA, JJ., concur.