GOSHORN, Judge.
W.A. Johnson, a probation officer employed at Apalachee Correctional Institution in Sneads, Jackson County, appeals the order finding him in contempt of court for failing to respond to a witness subpoena. We reverse.
Johnson was subpoenaed to testify in the State’s case against Sammy Lee. Pursuant to standard procedure, Johnson notified the legal department of the Department of Corrections that he had been subpoenaed. He was advised by attorney Lee Ann Knowles, the assistant general counsel employed in the legal bureau of the Department of Corree- *996 tions in Tallahassee, that he did not have to appear due to the unreasonableness of the one day notice. When he failed to appear, the State sought a contempt order, which the court granted.
At the contempt hearing, the court considered affidavits from Johnson and attorney Knowles. Johnson’s affidavit states:
On Wednesday, May 22, 1996, I received service of a subpoena seeking my appearance in Brooksville, Hernando County, Florida in the case of State v. Sammy Lee. The customary practice of handling subpoenas received by the department staff is to fax it to legal and wait for legal to contact staff with directions regarding the proper response. I contacted the Department’s legal bureau for advice and assistance regarding the subpoena. Even though I was ready, willing and able to appear as subpoenaed, LeeAnn Knowles of the legal bureau informed me that I did not have to appear at the hearing scheduled Friday, May 24, 1996, for lack of reasonable notice. Accordingly, I did not appear pursuant to her instructions. My failure to appear was not an attempt to disrupt the proceedings before the Court in any fashion. I sincerely apologize to the Court for any undue complications or unnecessary time and effort expended as a result of my failure to appear. This mistake will not reoccur.
Knowles’ affidavit states:
Officer Johnson contacted my office on the afternoon of May 22, 1996 to inform me that he was served with a subpoena to appear in Hernando County on May 24th regarding State v. Sammy Lee. I discussed the matter with Officer Johnson. I also contacted the Assistant State Attorney handling the case, Paul Norville. I told Mr. Norville that Officer Johnson had received service for the hearing, but that I did not believe he had been served with reasonable notice especially considering the length of the drive from Jackson County to Hernando County in such a limited time frame. Henee, I told Mr. Norville that the department objected to the subpoena for lack of reasonable notice. I faxed a letter to Mr. Norville explaining my position but failed to file a motion. Officer Johnson is an innocent party and, with all due respect, he should not be penalized. I am responsible for the entirety of the situation and sincerely regret the poor judgment that I exercised that afternoon. Unfortunately, my mistake has created problems for many persons other than myself, and it is this fact that makes me even more sorry for and saddened by the situation. It is with respect and humility that I request forgiveness from the Court. I only ask that the Court hold the proper party accountable, the person responsible, instead of Officer Johnson, as Officer Johnson would have appeared as subpoenaed if not for receiving inappropriate directions from me.
Knowles’ letter to the assistant state attorney, referred to in her affidavit, informed the assistant state attorney that Johnson would not be appearing as subpoenaed because Johnson had only one day notice and the subpoena required that he drive several hours. In fact, Johnson’s failure to appear did not hinder or delay any court process as it was determined that his presence was not necessary.
The court found Johnson guilty of willfully disobeying a lawful court order. It recognized that there were mitigating circumstances as Johnson had relied on, “in the opinion of this Court, erroneous and misguided legal information from an attorney of the Department....” The court stated its belief that Knowles had committed per se malpractice, but found Johnson in contempt and ordered Johnson to pay a $260 fine.
The failure to obey a subpoena does not necessarily result in criminal contempt. As stated by this court in Stevens v. State, 547 So.2d 279, 280 (Fla. 5th DCA 1989):
The courts of this state have consistently held that criminal contempt requires some willful act or omission calculated to hinder the orderly functions of the. court. Sewell v. State, 443 So.2d 164 (Fla. 1st DCA 1983). Also, an act which is calculated to embarrass, hinder or obstruct the court in the administration of justice or which is *997 calculated, to lessen its authority or dignity constitutes a contempt, and further intent is an essential element of contempt. Thomson v. State, 398 So.2d 514 (Fla. 2d DCA 1981).
(Emphasis in original).
Under the facts of this case, we find that the lateness of the subpoena and the reliance on legal advice combined to show that Johnson did not act or fail to act with the intent to hinder the orderly functions of the court, nor was his failure to appear calculated to lessen the court’s authority or dignity. Accordingly, we reverse.
REVERSED.
GRIFFIN, C.J., and HARRIS, J., concur.