PER CURIAM.
Reginald Holston petitions this court for a writ of prohibition, alleging that the speedy trial time has run and he is entitled to discharge. We grant the petition in part and remand for an evidentiary hearing to determine whether discharge is proper.
Holston was arrested on May 24, 2006 for several felony offenses, and on November 25, 2006, he filed a notice of expiration of speedy trial. On December 10, 2006, fifteen days later, he filed a motion for discharge. His case has not been brought to trial, and no hearing has been held on his motion. He has alleged a facially sufficient claim.
However, the state argues that Holston has been unavailable for trial within the meaning of Florida Rule of Criminal Procedure 3.191(k). The state has the burden of showing the defendant was unavailable. See Dixon v. State, 901 So.2d 384, 386 (Fla. 3d DCA 2005). Holston contends that he was not unavailable because he was in custody in another coun *1058 ty when the arraignments were scheduled, and he argues the state had constructive knowledge of his whereabouts. See Jones v. State, 578 So.2d 185 (Fla. 1st DCA 1991). The state challenges this, and resolution of this issue requires an evidentiary hearing.
If the trial court determines that Holston was unavailable, then he is not entitled to discharge, and the failure to hold a timely hearing pursuant to rule 3.191(p)(3) is irrelevant. See State v. Martinez, 586 So.2d 1285 (Fla. 3d DCA 1991); Harris v. State, 400 So.2d 819 (Fla. 5th DCA 1981). If, on the other hand, the court determines Holston was available and he did not otherwise waive his speedy trial rights, the motion for discharge should be granted.
Accordingly, this case is remanded for an evidentiary hearing on Holston’s motion for discharge and the state’s motion to strike.
GUNTHER, WARNER and SHAHOOD, JJ., concur.