PER CURIAM.
Zachary Clark sought a writ of prohibition to preclude the circuit court from proceeding to trial in his case because of an alleged violation of the speedy trial rule. See Fla. R.Crim. P. 3.191. We previously entered an order granting the petition. We issue this opinion to explain the basis of our decision.
The record reflects that on April 10, 2007, the State filed an information charging Clark with grand theft and aggravated assault with a deadly weapon. After several continuances, the ease was eventually scheduled to be tried on November 19, 2008. On that day, Clark filed a demand for speedy trial pursuant to Rule 3.191(b). The State was not prepared to proceed to trial because of the absence of the alleged victim and sought a continuance. When its motion for continuance was denied, the State filed a nolle prosequi.
The State subsequently refiled the charges and Clark was rearrested on January 5, 2009. Three days later, Clark timely filed a notice of expiration of speedy trial pursuant to Rule 3.191(h). On that *1269 same day, Clark filed an emergency motion to have a potential witness transported from an adjacent county where the witness was being held in custody. The trial court signed an order to have the witness transported and scheduled the case for docket sounding on January 12th. On the morning of January 12th, Clark appeared, ready for trial. The trial court decided to proceed to trial on another case and Clark’s case was put in a “stand-by” posture. On the afternoon of January 12th, defense counsel was directed to appear for a status conference the following morning. There is nothing in the record to suggest that Clark, himself, was to be present at the status conference or that the trial court intended to start Clark’s trial on the 13th. Clark’s counsel arrived 15 to 30 minutes late for the status conference and was advised to return for a status conference on the following day. On the 13th, the trial court proceeded with the trial that it had commenced on the prior day. There is nothing in the record to suggest that defense counsel’s tardiness on the 13th affected, or in any way delayed, the scheduling of Clark’s trial.
The following morning, the trial court announced it was not going to proceed on Clark’s ease because of the noncompliance with its order to transport witness. After the trial court addressed various procedural issues (none of which involved a request for a continuance), the State asked the trial court to find that speedy trial had been waived by defense counsel’s tardiness on the prior date. Over defense counsel’s objection, the trial court agreed and then set a new trial date of February 2, 2009 — a date after the expiration of the speedy trial recapture period set forth in Rule 3.191(p). When the recapture period had expired, Clark filed a motion for discharge and requested an evidentiary hearing. The trial court denied the motion without a hearing. Clark then filed the instant petition for writ of prohibition.
Prohibition is an appropriate remedy to prohibit trial court proceedings where an accused has been denied his right to a speedy trial and his motion for discharge has been denied. Sherrod v. Franza, 427 So.2d 161, 163 (Fla.1983). Although we do not condone defense counsel’s tardiness on the morning of January 13th, it is clear from the transcript that the sole basis for the trial court’s continuance of the trial on January 14th was because the potential witness for which an order of transport had been issued had not yet been brought to Orange County. The record is barren of any evidence that the potential witness would not have been available within the recapture period or that Clark was unwilling to proceed to trial until the potential witness had been transported. The failure to hold a trial within the recapture period was not attributable to Clark or his counsel. Fla. R.Crim. P. 3.191(j)(2); see also Morrow v. State, 458 So.2d 312 (Fla. 5th DCA 1984) (failure of defendant and his counsel to attend trial-scheduling conference did not establish that defendant was unavailable for trial within meaning of the speedy trial rule where trial-scheduling court conference was neither trial date nor proceeding at which presence of defendant was required by rules or any order in present case).
Writ for Prohibition GRANTED; Defendant to Be DISCHARGED.
PALMER, C.J., ORFINGER and EVANDER, JJ., concur.