SHEPHERD, J.
 

 The Petitioner in this case seeks habeas relief from a trial court order denying his motion to set aside an alias capias issued and reinstate bond, which had been revoked because petitioner was fifteen minutes late for a court appearance. We find the Petitioner’s claim meritorious, and grant the petition.
 

 Marcos Espinal was scheduled for a docket sounding at 8:30 a.m. on January 7, 2010, for his pending criminal ease. Neither he nor his counsel were present when his case was called. The trial court sua sponte issued an alias capias and estreated his bond. When Espinal’s case was recalled approximately an hour into that morning docket, both the defendant and his counsel were present. Espinal explained he started a new job that night, and he had arrived to court fifteen minutes late due to his need to travel to court from his new job.
 

 The record indicates this is the first time Espinal has been late to court for the present infraction. His only other known brush with the law is an arrest and pretrial diversion placement for an unascer-tainable misdemeanor
 
 [1]
 
 in 2002, which was not fully resolved until 2007. The apparent reason the misdemeanor file was not closed was that Espinal moved to Rhode Island before his last court date in the case, for which his only remaining obligation was a requirement that he pay a small fee. Upon his return to Florida in 2007, he paid the fee. On these facts, the court ordered Espinal into custody.
 

 It is clear that the defendant’s failure to appear timely before the court in this case was unintentional and de minimus in length. It was defendant’s “first offense.” Although the court was justly annoyed by the defendant’s tardiness, it was minimally inconvenienced. A court should be very cautious about depriving a person of his liberty in such a circumstance.
 
 See Eulo v. State,
 
 786 So.2d 43, 44 (Fla. 4th DCA 2001) (holding defendant’s fifteen minute delay to court was de minimus, and did not warrant a sentence above that which was bargained for);
 
 Prior v. State,
 
 562 So.2d 864 (Fla. 5th DCA 1990) (concluding defendant could not be held accountable for criminal contempt where the record established negligence at best in failing to appear at the proper time for trial);
 
 Johnson v. State,
 
 501 So.2d 158, 160 (Fla. 3rd DCA 1987) (reasoning where defendant was arrested on his way to court, and thus failed to appear on time, there was no willful failure to appear, and the original, bargained-for sentence should be imposed);
 
 Lee v. State,
 
 471 So.2d 195 (Fla. 4th DCA 1985) (holding there was no evidence to support a finding that the defendant willfully failed to appear for sentencing, or that he committed another crime while on release; thus, the defendant was entitled
 
 *820
 
 to a reversal of his enhanced sentence). We also find the fact that the defendant failed to appear in court on one prior occasion between some five and eight years ago insufficient to support the incarceration.
 

 For the foregoing reasons, we grant the petition. The petitioner is entitled to immediate release. The trial court shall reinstate the petitioner’s original bond.
 

 This opinion shall take effect immediately, notwithstanding any motions for rehearing.
 

 Petition granted.
 

 [1]
 

 . The court file for the misdemeanor case has been destroyed.