NORTHCUTT, Judge.
Mark Hutchinson III petitioned for a writ of prohibition to preclude the circuit court from proceeding with the trial of his pending criminal charges in violation of the speedy trial rule. See Fla. R. Crim. P. 3.191. Prohibition is an appropriate remedy when an accused has been denied his right to a speedy trial and his motion for discharge has been rejected. Clark v. State, 3 So.3d 1268, 1269 (Fla. 5th DCA 2009). We previously granted Hutchinson’s petition in an unpublished order, and we now issue this opinion to explain our ruling.
Hutchinson, a juvenile, was arrested on February 12, 2013, and subsequently charged as an adult with aggravated battery with a deadly weapon and simple battery. On the morning of August 5, 2013, Hutchinson’s scheduled trial date, the court convened and began calling the cases on that morning’s docket. Hutchinson, whose case was listed on the early part of the docket, was not present in the courtroom when the court called his case. His attorney informed the court of such, and he asked that Hutchinson’s case be pushed further down the docket. The court declined to do so, and instead it issued a capias for Hutchinson’s arrest. Later during the docket call, Hutchinson’s attorney advised the court that Hutchinson had arrived several minutes after his case was called, was immediately taken into custody, and was then present in the courtroom.[1] The court revoked Hutchinson’s pretrial release and forfeited his bond.
On August 6, 2013, defense counsel filed a notice of expiration of speedy trial.[2] At the hearing on the notice of expiration the following day, defense counsel requested a trial date within the ten-day recapture period required by the speedy trial rule. See Fla. R. Crim. P. 3.191(p)(3). The State argued that by virtue of Hutchinson’s tardiness to court on August 5, he had “failed to appear” and thus waived his speedy trial right. In response, defense counsel pointed out that it was the State’s burden to establish that Hutchinson was “unavailable for trial.” Ultimately, the court agreed with the State that Hutchinson’s tardiness “constitute^] a failure to appear and a capias issued.” For this reason, the court denied the request to set his trial within ten days. It scheduled the trial for October 14, 2013, after the expiration of the speedy trial recapture period.
After the recapture period expired, defense counsel filed a motion for discharge and an amended motion for discharge. Relying on its earlier ruling at the August 7 hearing on the notice of expiration, the *554 court refused to discharge Hutchinson. Hutchinson then petitioned this court for a writ of prohibition, which we granted for the following reasons.
Florida Rule of Criminal Procedure 3.191(a) provides that a person charged with a felony must be brought to trial within 175 days of arrest. “If trial of the accused does not commence within the periods established by [rule 3.191], a pending motion for discharge shall be granted by the court unless it is shown that ... the accused was unavailable for trial under subsection (k).... ” Fla. R. Crim. P. 3.191(j)(3); see Fla. R. Crim. P. 3.191(p)(3). Subsection (k) defines unavailability for trial as follows:
A person is unavailable for trial if the person or the person’s counsel fails to attend a proceeding at which either’s presence is required by these rules, or the person or counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for in this rule is not entitled to be discharged.
This subsection also provides that “[n]o presumption of nonavailability attaches, but if the state objects to discharge and presents any evidence tending to show nonavailability, the accused must establish, by competent proof, availability during the term.” Thus, it is the State’s initial burden to present evidence tending to show that a defendant was unavailable for trial. Fla. R. Crim. P. 3.191(k); Holston v. State, 958 So.2d 1057, 1057 (Fla. 4th DCA 2007). “Proof that the defendant made himself ... unavailable can be found by the trial court if the defendant, or his counsel, fails to attend a proceeding required by the rules or required by notice of the court.” Dixon v. State, 901 So.2d 384, 386 (Fla. 3d DCA 2005).
In this case, the State failed to meet its burden. At the August 7 hearing on Hutchinson’s notice of expiration, the State did not present any evidence as such. Rather, it simply relied on the fact that Hutchinson arrived late to the docket call on August 5. Standing alone, this was not evidence tending to show nonavailability for purposes of the speedy trial rule. The circuit court’s conclusion to the contrary likely rested on an erroneous conflation of the speedy trial rule and the rule governing pretrial release.
The phrase “failure to appear” does not occur in the speedy trial rule. It is a concept that specifically relates to pretrial release and bond forfeiture under Florida Rule of Criminal Procedure 3.131(c), which imposes consequences for a defendant who willfully and knowingly “fails to appear” in breach of a bond as specified in section 903.26, Florida Statutes (2012). Section 903.26(2)(b) provides in pertinent part that:
Failure of the defendant to appear at the time, date, and place of required appearance shall result in forfeiture of the bond.... However, the court may determine, in its discretion, in the interest of justice, that an appearance by the defendant on the same day as required does not warrant forfeiture of the bond; and the court may direct the clerk to set aside any such forfeiture which may have been entered.
(Emphasis added). Thus, a defendant’s late arrival to a scheduled proceeding could constitute a failure to appear at the required time in breach of his bond, for which a trial court would be empowered to revoke the defendant’s pretrial release. Although a court’s discretion to do so is not unfettered, see Espinal v. Ryan, 31 So.3d 818, 819 (Fla. 3d DCA 2010) (granting habeas relief to a defendant whose pretrial release and bond was revoked because he was fifteen minutes late to a *555 hearing), the circuit court in this case acted within its lawful authority when it revoked Hutchinson’s pretrial release, forfeited his bond, and issued a capias when he did not timely appear at the August 5 hearing. See § 903.26(2)(b), (2)(c). Ultimately, Hutchinson’s bond was reinstated, which is appropriate “if the delay has not thwarted the proper prosecution of the defendant.” § 903.26(5)(c).
Unlike the pretrial release and bond provisions of rule 3.131 and section 903.26, the speedy trial rule does not address a failure to appear at a specified time. Rather, it turns on a defendant’s unavailability for trial, defined as a failure to attend a proceeding. See Fla. R. Crim. P. 3.191(k). Thus, the mere fact that a defendant arrived late to a proceeding, standing alone, is not evidence “tending to show nonavailability” for purposes of the speedy trial rule. But even if such evidence could be characterized as sufficient for purposes of the State’s initial burden under the speedy trial rule, in this case it was directly refuted by the fact that Hutchinson arrived in court before the docket call was completed. In other words, the record conclusively reflects that Hutchinson did not fail to attend the proceeding, and there was no other evidence that Hutchinson was “unavailable for trial” within the meaning of rule 3.191(k).
We do not suggest that a defendant’s late arrival can never constitute a failure to attend a proceeding for purposes of the speedy trial rule. Certainly, a defendant’s tardiness could be so extreme or disruptive that it effectively could be deemed to be a failure to attend the proceeding. But rule 3.191(k) specifies that “[n]o presumption of nonavailability attaches.” Thus, the State cannot satisfy its initial burden under the rule by showing that the defendant simply arrived late to court. Rather, it must submit evidence tending to show that the defendant’s tardiness was of a nature that it was the functional equivalent of a failure to attend the proceeding. As mentioned, the State did not make such a showing in this case; under the circumstances, it could not.
Under the facts of this case, Hutchinson was not unavailable for trial, and he did not' waive his speedy trial rights. Although we do not condone Hutchinson’s tardiness, he was entitled to discharge because he was not brought to trial within the recapture period.
For these reasons, we granted the petition and prohibited the circuit court from continuing to exercise jurisdiction over Hutchinson on counts one and two of the information filed in circuit court case number 13-CF-003447A.
KELLY and LAROSE, JJ., Concur.

. The record is unclear as to how late Hutchinson was. Defense counsel advised the court on the day in question that Hutchinson was seven minutes late. However, in subsequent motions the defense asserted that he was fifteen to eighteen minutes late, perhaps measured from the time court began that day rather than from the time Hutchinson’s case was called. In a later hearing a prosecutor who was not present at the August 5 court session contended that Hutchinson had been as many as forty-five minutes late. What is clear and undisputed is that Hutchinson did ultimately appear in court during the docket call on the day of his scheduled trial.

. When filing the notice of expiration, defense counsel relied on the "passoff” sheet prepared by the prosecutor, which inaccurately noted that speedy trial had run on August 5, 2013. In fact, the 175th day after Hutchinson’s arrest was August 6, 2013, and therefore the notice was premature by one day. As such, it was invalid. See Fla. R. Crim. P. 3.191(h) (“[A] notice of expiration of speedy trial time filed before expiration of the period of time for trial is invalid and shall be stricken on motion of the prosecuting attorney.”). However, the State did not move to strike the notice, and defense counsel later amended it to allege the correct date.