DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JULIO A. RODRIGUEZ,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-494

[September 26, 2018]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 16-008175-CF-10A.

Howard Finkelstein, Public Defender, and Donald J. Cannarozzi and David Andrew Fry, Jr., Assistant Public Defenders, Fort Lauderdale, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for respondent.

### *ON MOTION FOR REHEARING*

CONNER, J.

We grant the petitioner's motion for rehearing, withdraw our March 16, 2018 order denying his petition, and issue the following opinion in its place.

Julio A. Rodriguez ("Petitioner") petitions for a writ of prohibition seeking immediate review of the trial court's order denying his motion for discharge based on an alleged violation of the speedy trial rule. The issue we decide is whether the trial court properly determined that Petitioner was unavailable for trial because he did not obtain properly fitting civilian clothes and objected to appearing for jury trial in jail clothing. We conclude that the State was not responsible for providing civilian clothing. The trial court offered to reset the trial within the speedy trial period, and Petitioner failed to make himself available by insisting that the State had

to clothe him. Petitioner is not entitled to a speedy trial discharge and we deny the petition.

*Background*

The State filed an information charging Petitioner with battery on a law enforcement officer and aggravated assault on a law enforcement officer. After allegedly committing a new offense while on pretrial release, he was taken into custody and held without bond on this case. Petitioner eventually filed a demand for speedy trial in this case. On the same day, he filed a motion to suppress, a motion to dismiss based on self-defense immunity, and a motion in limine.

The trial court held the required five-day hearing under Florida Rule of Criminal Procedure 3.191(b)(1) and set the trial for Monday, December 4, 2017.

On the morning of trial, Petitioner appeared in court in jail clothes. Defense counsel explained that he had dropped off trial clothes for Petitioner at the jail on the previous Friday, after "[finding] the largest pair of pants" he could. However, the pants did not fit Petitioner. Counsel did not think there was any larger pants back at his office, but someone suggested an "excellent idea, to go to the Salvation Army."

The trial court announced that another defendant, who had filed a speedy trial demand earlier, would go first and then Petitioner's case would be day-to-day. A short time later, after the other speedy trial case was postponed, the trial court recalled Petitioner's case and asked if Petitioner wanted to go to trial in jail clothes. Counsel said no, but wanted to proceed with the self-defense immunity hearing, which could be conducted with Petitioner in jail clothes. When the trial court explained that it was ready to pick a jury right now, counsel asserted he did not want Petitioner to go to trial in jail clothes.

The trial court found that, pursuant to rule 3.191, Petitioner was not available for trial as he was not properly dressed. Counsel explained that it was not Petitioner's fault that the clothes counsel had dropped off did not fit. The trial court struck the speedy trial demand and placed Petitioner's case on "day-to-day." The trial court stated, "If you can get him some clothes we will proceed."

Counsel objected and asked the court not to strike the demand and to give him additional time to get clothes. Counsel also quoted language from *Eberhardt v. State*, 550 So. 2d 102, 104 (Fla. 1st DCA 1989), contending that it was the State's duty to provide the defendant trial clothes.

2

The State objected, explaining that defense counsel had tried to get Petitioner clothing and failed. The State was ready for trial, and the defense was not prepared. The State distinguished *Eberhardt*, which dealt with the jury seeing the defendant in jail clothes.

The trial court disagreed that it was the State's obligation to provide clothing for Petitioner. The trial court explained that, if Petitioner had been dressed for trial, trial would have started that day. The trial court entered a written order striking the demand for speedy trial, explaining "defendant is not dressed for trial [and] therefore not available for trial per 3.191(k)."

Petitioner subsequently filed a motion to strike the written order, and again renewed the request that the State provide clothing. He alleged that he was indigent, in custody, and had no money for clothes or family members that could provide him clothes. The trial court denied the motion, relying on *Topley v. State*, 424 So. 2d 81 (Fla. 4th DCA 1982) ("*Topley II*"), and *Tarpley v. Dugger*, 841 F.2d 359 (11th Cir. 1988). The trial court also concluded that *Eberhardt* was not controlling and the State is not required to provide a defendant with civilian clothing for trial.

On January 8, 2017, Petitioner filed a notice of expiration of speedy trial. Subsequently, the trial court entered an order striking the notice of expiration as a nullity because the speedy trial demand had been stricken. Petitioner then filed an emergency motion for discharge, which was denied, prompting Petitioner to file his petition for writ of prohibition with this Court.

*Appellate Analysis*

"A writ of prohibition is an appropriate remedy 'where an accused has been denied his right to a speedy trial and his motion for discharge has been denied.'" *Dempsey v. State*, 82 So. 3d 928, 929 (Fla. 4th DCA 2011) (quoting *Sherrod v. Franza*, 427 So. 2d 161, 163 (Fla. 1983)).

Florida Rule of Criminal Procedure 3.191(b) provides for a speedy trial upon demand. The court is required to hold a calendar call hearing within five days of the demand. Fla. R. Crim. P. 3.191(b)(1). At the calendar call, the court must set the case for trial "no less than 5 days nor more than 45 days from the date of the calendar call." Fla. R. Crim. P. 3.191(b)(2). "If the defendant has not been brought to trial within 50 days of the filing of the demand, the defendant shall have the right to the appropriate remedy as set forth in subdivision (p)." Fla. R. Crim. P. 3.191(b)(4).

3

Here, the trial court held the calendar call and set the trial within the prescribed time. The December 4, 2017 trial date was well within the time provided in the rule. The 50-day period from the November 18, 2017 demand would not have expired until on or about January 7, 2018. Although the case was on day-to-day status after December 4, counsel did not attempt to get Petitioner clothes for trial and reset the trial before January 7. By those actions, counsel caused Petitioner to remain unavailable for trial throughout the speedy trial period. Instead, even though the speedy trial demand had been stricken, counsel waited until January 8 to file a notice of expiration and then moved for discharge.

Rule 3.191(g) provides that a defendant is bound by a demand for speedy trial, which is construed as a pleading that the defendant is ready and prepared for trial within 5 days. Fla. R. Crim. P. 3.191(g). The rule provides: "A demand filed by an accused who has not diligently investigated the case or who is not timely prepared for trial shall be stricken as invalid on motion of the prosecuting attorney." *Id.* Petitioner points out there is no provision in rule 3.191 that allows the trial court to *sua sponte* strike a demand for speedy trial.

The trial court did not err in denying the motion for discharge. Even if the trial court erred in striking the demand, no remedy for a speedy trial violation can be granted until the court has conducted the inquiry required by rule 3.191(j). Fla. R. Crim. P. 3.191(p)(1). Rule 3.191(j) in turn provides:

> (j) <u>Delay and Continuances; Effect on Motion</u>. If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:
>
> (1) a time extension has been ordered under subdivision (i) and that extension has not expired;
>
> (2) *the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel*;
>
> (3) *the accused was unavailable for trial under subdivision (k)*; or
>
> (4) the demand referred to in subdivision (g) is invalid.
>
> If the court finds that discharge is not appropriate for reasons under subdivisions (j)(2), (3), or (4), the pending motion for

discharge shall be denied, provided, however, that trial shall be scheduled and commence within 90 days of a written or recorded order of denial.

Fla. R. Crim. P. 3.191(j) (emphases added).

The rule defines when a defendant is unavailable for trial:

(k) <u>Availability for Trial</u>. A person is unavailable for trial if the person or the person's counsel fails to attend a proceeding at which either's presence is required by these rules, *or the person or counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for in this rule is not entitled to be discharged.* No presumption of nonavailability attaches, but if the state objects to discharge and presents any evidence tending to show nonavailability, the accused must establish, by competent proof, availability during the term.

Fla. R. Crim. P. 3.191(k) (emphasis added).

Here, Petitioner was unavailable on the scheduled trial date because he was not dressed for trial and did not want to proceed in jail clothes. Therefore, he is not entitled to discharge. *See id.* In addition, under rule 3.191(j)(2), the failure to hold the trial on the scheduled date was attributable to the defense because counsel brought Petitioner clothes that did not fit.

Importantly, after the initial trial date passed and the case was placed on "day-to-day" status, counsel did not get Petitioner properly fitting civilian clothes or ask the court to reset the trial. Instead, counsel maintained that pursuant to the language in *Eberhardt*, the State had the burden of getting a defendant clothes for trial.

The trial court correctly concluded that *Eberhardt* does not control. In *Eberhardt*, the defendant was brought before the jury panel before voir dire in jail clothing. 550 So. 2d at 103. His family was supposed to have provided civilian clothing for him but had failed to do so. *Id.* at 104. Shortly thereafter, the family arrived with the clothes and the defendant changed. *Id.* Counsel asked for a continuance so that another jury panel could be brought in that did not see the defendant in jail clothing. *Id.* at 103. The request was denied. *Id.* On appeal, the defendant argued

that it was reversible error for the state and the court to compel him to appear before the venire in jail clothes rather

than to provide him with appropriate clothing, even though his family failed to timely arrive, and that the court proceedings should have been delayed temporarily to provide him with appropriate clothing.

*Id.* at 104. The First District concluded that the trial court erred by not allowing for a brief continuance and forcing the defendant to appear before the jury panel in jail clothes. *Id.* However, the court found the error was not preserved because the defendant did not make a record showing that he was identified by a juror as being a prisoner due to wearing the prison uniform. *Id.*

The First District explained:

The law now recognizes that once the defendant has requested to appear in court in other than prison clothes, the state must make appropriate provisions to this end. We conclude that even though Eberhardt had asked his family to bring the necessary clothing, the state was not necessarily relieved of its obligation by the family's undertaking should the clothing not arrive on a timely basis.

*Id.* Notably, there is no citation of authority for the proposition that "the state must make appropriate provisions to this end." The error in that case, however, was in failing to allow for a brief continuance until appropriate clothes were available. Therefore, *Eberhardt* does not hold that the State is responsible for providing a defendant civilian clothing for trial.

Arguably, the trial court should have considered granting a defense continuance to allow it to secure appropriate trial clothes. The rule provides: "Good cause for continuances or delay on behalf of the accused thereafter shall not include nonreadiness for trial, except as to matters that may arise after the demand for trial is filed and that reasonably could not have been anticipated by the accused or counsel for the accused." Fla. R. Crim. P. 3.191(g). Here, Petitioner's nonreadiness was the result of allegedly ill-fitting civilian clothing. The trial court could have given Petitioner a continuance because this issue could not have been anticipated when the demand was filed.

Regardless of whether the trial court properly struck the demand, the trial court effectively allowed counsel to get a trial within the speedy trial period by placing the case on "day-to-day" status. The trial court repeatedly told counsel that the trial would proceed if counsel got Petitioner clothes that fit.

6

Defense counsel did not get civilian clothes or seek to have the trial commence within the period, and instead, continued to insist that the State had the burden of clothing Petitioner and argued that the trial court must immediately hear his pretrial motions. Counsel allowed the time periods to expire and then moved for discharge.

We addressed the issue of whether the State is required to provide civilian clothing for an incarcerated defendant in *Topley v. State*, 416 So. 2d 1158 (Fla. 4th DCA 1982) ("*Topley I*") and *Topley II*. Upon arrest, Topley's clothing was seized as evidence. *Topley I*, 416 So. 2d at 1159. Because the clothing he wore at the time of arrest was unavailable to him, Topley moved pretrial for funds to purchase clothes to wear at trial. *Id.* The motion was denied, but the trial court gave Topley time to seek civilian clothing from friends, a social agency, or any other source. *Id.* Topley proceeded to trial in jail clothing. *Id.* "Compelling the defendant's appearance so dressed may impinge upon his presumption of innocence and thus constitute a violation of his constitutional right to due process." *Id.* at 1160. Because we were unable to determine from the record whether Topley was actually compelled to go to trial in jail clothing, we remanded the case for an evidentiary hearing to determine whether Topley could have obtained suitable clothing for trial from family, friends, social agencies, or his own money. *Id.*

On remand, the trial court determined that on two occasions Topley requested funds to purchase clothing and both requests were denied. *Topley II*, 424 So. 2d at 82. The trial court further determined that upon denying the requests for funds, it suggested to Topley that he try to obtain clothes from some of the local social service agencies. *Id.* The evidence showed there were three social service agencies and a church that would furnish clothes upon request. *Id.* The record was "absolutely silent" that Topley attempted to obtain clothing from any social service agency. *Id.* For that reason, we affirmed the trial court's determination that Topley was not compelled to go to trial in jail clothing.[1] *Id.*

Similarly, here, Petitioner was not compelled to go to trial in jail clothing. We disagree with Petitioner's argument that it was the State's obligation to provide him with civilian clothing. As we have held, it is

---

[1]Topley was also known as "Donnie Tarpley." Under the Tarpley name, he petitioned for a writ of habeas corpus in federal court, raising the same argument that the State was required to provide him with civilian clothing for trial. In *Tarpley*, the Eleventh Circuit—also relying on *Estelle*—upheld the district court's denial of the petition and agreed there was no constitutional error because the defendant was not compelled to go to trial in jail clothing. *Tarpley*, 841 F.2d at 361.

initially the incarcerated defendant's responsibility to obtain civilian clothing from his or her own funds or from family members, friends, social service agencies, or charitable organizations.

Petitioner's argument that the trial court was required to hold an evidentiary hearing and that the State has the burden of showing unavailability for trial lacks merit. The cases cited in the petition are distinguishable. In *Holston v. State*, 958 So. 2d 1057 (Fla. 4th DCA 2007), the issue of the defendant's unavailability was not clear from the record and an evidentiary hearing was required. *Id.* at 1057-58 (requiring an evidentiary hearing where defendant alleged he was being held in another county and that State knew of his whereabouts). In *Dixon v. State*, 901 So. 2d 384 (Fla. 3d DCA 2005), the delay in trial was attributable to the State. *Id.* at 387. In *Hutchinson v. State*, 133 So. 3d 552 (Fla. 2d DCA 2014), the defendant's late appearance in court was determined not to amount to unavailability and the trial court in that case had refused to reset the trial within the recapture period. *Id.* at 553-55.

Here, the State was not required to present evidence of unavailability as it is clear from the record. Petitioner appeared in court without appropriate civilian clothes and did not want to go to trial in jail clothes. Defense counsel did not get Petitioner clothes that fit, did not request a good cause continuance, and did not seek to reset the trial after it was placed on day-to-day status. The trial court did not refuse to reset the trial, and the delay was attributable to the defense because counsel erroneously contended that the State was responsible for clothing Petitioner.

Petitioner is not entitled to discharge. He has a right to a speedy trial, not a speedy discharge without trial. *See State v. Nelson*, 26 So. 3d 570, 576 (Fla. 2010).[2]

*Petition denied.*

WARNER and MAY, JJ., concur

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] The other arguments raised by counsel in the proceedings below concerning the trial court's alleged obligation to hear before trial the evidentiary motions that counsel filed along with the speedy trial demand are not ripe for review.