416 So.2d 1199 (1982)
Edward Kenneth MULFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2095.
District Court of Appeal of Florida, Fourth District.
July 7, 1982.
*1200 James R. Hubbard of Beckham & McAliley, P.A., and Marc Cooper of Greene & Cooper, P.A., Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Edward Kenneth Mulford appeals his conviction and sentence for unlawfully appropriating a check in the amount of $2,600 from an account held by International Precious Metals Corporation (IPMC) as trustee for Thomas F. Wilson.
Appellant worked as a commodities account executive with IPMC, a brokerage firm. He entered into an agreement with Wilson to sell him a one-half interest in an option contract to purchase gold. Subsequently, a dispute arose over the manner in which Wilson paid appellant for his one-half interest in the option contract. Appellant claimed that Wilson paid him with a check in the amount of $2,600 drawn on Wilson's account with IPMC (Check No. 420). Wilson claimed that he paid appellant in cash received from another check drawn from his account with IPMC in the amount of $3,000 (Check No. 439). Wilson testified that after he discovered that two checks had been disbursed from his account, he wrote a letter to the brokerage firm complaining about the transaction with the appellant. Wilson's letter stated that he paid appellant with Check No. 420 and also contained a sentence briefly referring to appellant's prior felony conviction for dealing in commodities. At trial Wilson testified that he paid appellant with cash drawn from Check No. 439 and that he never authorized appellant to draw Check No. 420 in the amount of $2,600. On several occasions appellant offered in evidence for impeachment purposes an edited version of Wilson's letter deleting the reference to appellant's prior felony conviction. Each time the court sustained the State's objection to the admissibility of the letter in its edited form. The letter contained a summary of the transaction with the appellant and a demand for the brokerage firm to assume responsibility for the transaction. Appellant contends that reference to his prior conviction was not necessary to the purpose of the letter and that its omission would not change the letter's substance.
During closing argument the State's attorney argued that he had no objection to the introduction of the entire letter but pointed out that defense counsel did not want the jury to see all of the statements which it contained. The State also argued that defense counsel had repeatedly sought to introduce copies of the letter from which portions had been deleted and suggested that the jury could draw their own inferences from that fact.[1]
*1201 Appellant raises two points on appeal. First, he contends that the letter should have been admitted for impeachment purposes in its edited form. Second, he contends that the trial court erred in failing to sustain his objections to the prosecutor's remarks during closing argument and in failing to grant his motion for a mistrial.
Appellant's first point merits discussion. It is obvious from the record on appeal that the key factual dispute turned on the question of whether or not Wilson paid the appellant by Check No. 420 or with cash as Wilson testified. Wilson's letter corroborated appellant's version of the events leading up to the charges for which he was convicted. The reference in Wilson's letter to appellant's previous conviction was not necessary to his complaint against appellant and should have been deleted because of its potential prejudicial effect on the jury. See Goodman v. State, 336 So.2d 1264 (Fla. 4th DCA 1976).
The State contends that Section 90.108, Florida Statutes, required the introduction of the entire letter. Section 90.108, Florida Statutes, gave the State only a qualified right to seek the admission of the entire letter:
90.108 Introduction of related writings or recorded statements.  When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously. An adverse party is not bound by evidence introduced under this section.
The reference to appellant's prior conviction did not furnish any relevant evidence, nor did it explain or rebut that part of the letter which appellant sought to introduce into evidence. We agree with appellant's contention that there was no bona fide reason why "fairness" would require consideration of the entire letter.
The general rule is that if one party to litigation puts in evidence part of a document, or a correspondence or a conversation, which is detrimental to the opposing party, the latter may introduce the balance of the document, correspondence or conversation in order to explain or rebut the adverse inferences which might arise from the incomplete character of the evidence introduced by his adversary. [Citations Omitted]. But this rule is subject to the qualification that only the other parts of the document which are relevant and throw light upon the parts already admitted become competent upon its introduction.
United States v. Littwin, 338 F.2d 141, 145-46 (6th Cir.1964).
If this were the only point on appeal the trial court's refusal to admit the letter would constitute harmless error because the appellant was permitted to read from the letter in opening statement, on cross examination of Wilson and during closing argument. However, for reasons which will be hereinafter discussed, this matter must be remanded for a new trial and upon new trial, the edited version of Wilson's August 8th letter, if offered, should be admitted.
The trial court erred when it failed to grant appellant's motion for a mistrial after the prosecutor repeatedly referred to the fact that Wilson's letter could have been introduced in its entirety with no objection from the State. These comments, together with the State's invitation to the jurors to draw their own conclusions about those parts of the letter which the appellant wanted to keep from them, constituted reversible error.
The prosecutor has a special position with special responsibilities beyond those of private counsel. As this Court has stated:

*1202 His duty is not to obtain convictions but to seek justice, and he must exercise that responsibility with the circumspection and dignity the occasion calls for. His case must rest on evidence, not innuendo. If his case is a sound one, his evidence is enough. If it is not sound, he should not resort to innuendo to give it a false appearance of strength. Cases brought on behalf of the State of Florida should be conducted with a dignity worthy of the client. Kirk v. State, 227 So.2d 40, 45 (Fla. 4th DCA 1969), also see Martin v. State, 411 So.2d 987 at 990 (Fla. 4th DCA 1982).
By going beyond the evidence properly before the jury to innuendo about what may exist outside the evidence, the prosecutor in the present case failed to carry out his special responsibility to seek justice and not just to obtain a conviction.
No attorney shall refer in closing argument to evidence which has been excluded, nor may he or she invite an inference from the exercise of a party's right to have the evidence excluded... . Failure to abide by this standard constitutes ground for reversal.
Commonwealth v. Burke, 373 Mass. 569, 369 N.E.2d 451, 456 (1977).
We find no merit in the State's contention that the appellant invited its error. The prosecutor erred, but that error was not invited by any improper conduct by the appellant.
Accordingly, we reverse the judgment and sentence and remand this cause for a new trial.
REVERSED and REMANDED.
HERSEY and HURLEY, JJ., concur.
NOTES
[1] Excerpt from the State's closing argument:

MR. NEAL: Again, ladies and gentlemen, I am sorry to have to begin over, but in fairness to you, I think that you should have the full benefit of what we are trying to discuss here.
Mr. Hubbard discussed at length, in his opening statement as well as in his closing argument, concerning Mr. Wilson's August 8th statement, he promised you that he would introduce that statement to you. He made a promise to you in his opening statement. I have no objection to his introduction of that entire statement, but Mr. Hubbard did not want you to see all of that statement. Repeatedly he sought to introduce copies from which portions had been deleted. I invite you to draw your own inferences from that fact.
Again, I am not implying that anything improper was done by Mr. Hubbard in doing this. It is his job to defend his client as he sees fit. If he feels that it would not benefit his client to introduce those portions, then he has a right to try to keep those out of the case.