653 So.2d 1074 (1995)
Edward Earl JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1618.
District Court of Appeal of Florida, Third District.
April 12, 1995.
Rehearing Denied May 17, 1995.
*1075 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Douglas J. Glaid, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
PER CURIAM.
Edward Earl Johnson appeals from a judgment of conviction for manslaughter. For the following reasons, we reverse and remand for a new trial.
Upon Johnson's arrest, he stated to the police officer that he had been in a fight with the victim over a broken watch, and that he had hit the victim with a stick. Later at the police station, Johnson gave a formal statement that he had hit the victim only after the victim had threatened to have dogs attack him, and after the victim had first hit him.
At trial, the court refused to allow defense counsel to cross-examine the detective concerning the formal statement after the State had introduced Johnson's first, informal statement.
The trial court abused its discretion in thus limiting defendant's cross-examination of the witness. "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously." § 90.108, Fla. Stat. (1993). Although a defendant's out-of-court, self-serving exculpatory statements are usually considered inadmissible hearsay, "where the state has opened the door by eliciting testimony as to part of the conversation, defendant is entitled to cross-examine the witness about other relevant statements made during the conversation." Guerrero v. State, 532 So.2d 75, 76 (Fla. 3d DCA 1988). This rule is not limited to segments of one conversation, but also allows admission of "other related conversations that in fairness are necessary for the jury to accurately perceive the whole context of what has transpired between the two." Eberhardt v. State, 550 So.2d 102, 105 (Fla. 1st DCA), rev. denied, 560 So.2d 234 (Fla. 1989). See generally, Ehrhardt, Florida Evidence § 108.1 (1995 ed.).
Johnson should have been allowed to cross-examine the officer regarding the formal statement given at the police station, as that statement served to amplify or explain the earlier statement. Standing alone, the earlier statement left the jury without a complete picture of the defendant's behavior. Moreover, it cannot be said that here is no "reasonable possibility that the error did not *1076 affect the verdict." State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).[1]
Reversed and remanded for a new trial.
NOTES
[1] We need not reach the other issue on appeal.