PER CURIAM.
Rolando Chao appeals his conviction for manslaughter with a firearm after a trial by *1247 jury. Of the two claimed points of error raised on this appeal, we deem only one to merit discussion and reversal for a new trial.
Chao contends that the trial court erred by refusing to permit him to introduce his audio-taped statement made to police shortly after his arrest. Initially the trial court had excluded the statement as substantive evidence because it was deemed to be self-serving hearsay. The state, however, subsequently proceeded to allude to and read from a portion of the statement during its cross examination of Chao. Thereafter, Chao requested that the audiotaped statement be played in its entirety to the jury for the sake of completeness. The trial court refused to have the statement in its entirety played. Rather, the trial court gave Chao the option of having the prosecutor read any other portions of the statement Chao deemed appropriate to “make it fair.” Chao argues this was reversible error, citing section 90.108, Florida Statutes (1993) and Long v. State, 610 So.2d 1276, 1280 (Fla.1992). We agree.
Long is clear that under section 90.108, a party, in the interest of fairness, has the option to introduce all or part of a recorded statement if the opposing party “opens the door” by referring to portions of it during its case. Id.; see also Guerrero v. State, 532 So.2d 75, 77 (Fla. 3d DCA 1988); Burch v. State, 360 So.2d 462, 464 (Fla. 3d DCA 1978). We cannot conclude that the trial court’s ruling on this point was harmless error, as the theory of Chao’s case was self-defense; this tape could arguably serve to rebut the prosecutor’s charge of recent fabrication on the part of Chao.
Reversed and remanded for new trial.