693 So.2d 644 (1997)
John SWEET, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1995.
District Court of Appeal of Florida, Fourth District.
April 23, 1997.
Rehearing Denied and Clarification Granted June 5, 1997.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Judge.
We reverse Appellant's convictions for robbery and burglary of a conveyance with a battery.
At trial, the arresting officer testified on direct that Appellant admitted committing *645 the robbery. The trial court erred by prohibiting cross-examination concerning Appellant telling the officer that he had been smoking cocaine and had a bad drug problem, and by refusing to allow the witness to testify about the rest of Appellant's statement. The testimony in question was relevant to Appellant's defense of voluntary intoxication. The only other evidence at trial concerning Appellant's drug problem was his own testimony, a point emphasized by the state in final argument.
Once the state presented a portion of Appellant's statement, he should have been allowed, in the interest of fairness, to have the jury hear his entire statement. E.g., Christopher v. State, 583 So.2d 642, 646 (Fla.1991); Larzelere v. State, 676 So.2d 394, 401 (Fla. 1996), cert. denied, ___ U.S. ___, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996); Eberhardt v. State, 550 So.2d 102 (Fla. 1st DCA 1989).
Generally, a party may not introduce his own exculpatory statements. However, the "rule of completeness" recognized in section 90.108, Florida Statutes, provides:
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously.
In Christopher, the supreme court recognized that where the state offers a part of a confession or admission, the defendant is entitled to bring out the entire statement on cross-examination. The court, in Christopher, also approved of Eberhardt in broadening the rule to include verbal communication.
In Eberhardt, the court held that where portions of a conversation are admitted on direct examination, the rule of completeness allows admission of the relevant balance of the conversation necessary to give the jury a complete understanding of the context of the conversation. In that case, as here, the defendant was attempting to cross-examine the officer about the defendant's telling the officer that he was intoxicated when he committed the crime.
In Larzelere, the supreme court recognized that the rule is not automatic and that it is within the trial court's discretion to determine that the rest of the statement does not fall within a category that "in fairness ought to be considered contemporaneously." Id. at 402. There, unlike in this case, the withheld evidence had little relevance and did not appear very important so that its exclusion was harmless. Here, on the other hand, the evidence is not only relevant, it goes to the heart of Appellant's defense.
Therefore, the judgment is reversed.
PARIENTE and SHAHOOD, JJ., concur.