FLETCHER, Judge.
Sadiq Husseain was convicted by a jury of aggravated battery with a deadly weapon. We reverse and remand for a new trial.
In his opening statement at trial, defense counsel told the jury that Officer Rios, the officer responding to the crime scene, would testify that Husseain initially told him that he hit the victim because the victim tried to rape him. The state moved in limine to exclude Husseain’s statement on the ground it was self-serving hearsay. Initially, the court ruled the statement was admissible under the rule of completeness because the state planned to introduce Husseain’s later inculpatory statements made to the police. However, the state indicated that Husseain’s rape statement was made before he was read his Miranda rights, while the remaining statements were made afterward. The court then ruled the rape statement inadmissible.
Both the prosecution and defense agree that Husseain accompanied the victim, Yazdani, to his hotel room. Husseain claims that while he was in the bathroom, the victim approached him sexually and Husseain responded by hitting him with a beer bottle and wrapping an electrical cord around his neck. According to the victim Yazdani, while he was showering to get ready for work Husseain accosted him in the bathroom and without provocation struck him with his fist and a beer bottle. The hotel manager called to report the disturbance in Yazdani’s room. Officer Rios responded and was admitted into the hotel room by Husseain. There the officer discovered the victim lying on the bed underneath the bedclothes, naked and bleeding, and with an electrical cord wrapped around his neck. At trial, Officer Rios testified that Husseain waived his rights, admitted to striking the victim with a beer bottle, punching him, and wrapping electrical cord around his neck, but at that time did not state that the victim tried to molest him. In closing argument, over defense objection and unsuccessful motion for mistrial, the prosecution represented to the jury that Husseain did not tell the police that he believed he was in any danger. Husseain was ultimately convicted as charged.
We agree with Husseain that the trial court erred in precluding Husseain’s statement made at his initial encounter with the police that the victim tried to rape him. The “rule of completeness” allows for a defendant’s exculpatory out-of-court statement to be admitted into evidence when a state witness has testified to incriminating statements contemporaneously made by the defendant. Cotton v. State, 763 So.2d 437 (Fla. 4th DCA 2000). Johnson v. State, 653 So.2d 1074 (Fla. 3d DCA 1995), citing Guerrero v. State, 532 So.2d 75, 76 (Fla. 3d DCA 1988)(“[W]here the state has opened the door by eliciting testimony as to part of the conversation, defendant is entitled to cross-examine the wit *1068 ness about other relevant statements made during the conversation.”). By preventing the jury from hearing what Husseain initially uttered when confronted by the police, the jury was necessarily precluded from placing the event in its entire context. Granting the state’s motion in limine prevented the jury from fairly considering all of the circumstances leading up to and surrounding the encounter between Hus-seain and the victim. “Standing alone, the ... statement left the jury without a complete picture of the defendant’s behavior. Moreover, it cannot be said that there is no ‘reasonable possibility that the error did not affect the verdict.’ ” Johnson, 653 So.2d at 1075 (citations omitted). For this reason we reverse Husseain’s conviction and remand for a new trial.
Reversed and remanded.