FLETCHER, Judge.
Demetrius L. Morrison appeals from the trial court’s judgment and sentence for *694 manslaughter. We reverse and remand for a new trial.
Morrison, a juvenile at the time, was charged with the first degree murder of Laurent Valme, but was found incompetent to stand trial based on his history of mental illness. Morrison was eventually deemed competent and went to trial. At trial, the state introduced Morrison’s voluntary confession to the police, but over defense’s proper objection, the trial court permitted the state to selectively redact those portions of Morrison’s statement referring to his mental illness and of being on medication for mental illness at the time he committed the crime. Although urged to do so, we cannot find this to be harmless error,[1] because the content and context of the entire statement is directly related to Morrison’s state of mind at the time of the offense, given his history of difficult interactions with the victim. Redacting those portions of Morrison’s statement which went to his defense of self-defense precluded the jury from considering all of the relevant evidence necessary to establishing the element of intent required by the charged crime as well as the crime of which Morrison was eventually found guilty. See Long v. State, 610 So.2d 1276 (Fla.1992); Chao v. State, 661 So.2d 1246 (Fla. 3rd DCA 1995)(a party, in the interest of fairness, has the option to introduce all or part of a recorded statement if the opposing party “opens the door” by referring to portions of it during its case); § 90.108, Florida Statutes (2001).
Reversed and remanded for a new trial.

. The harmless error test, as explained in State v. DiGuilio, 491 So.2d 1129 (Fla.1986), places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively, that there is no reasonable possibility that the error contributed to the conviction.