933 So.2d 1245 (2006)
George WHITFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2055.
District Court of Appeal of Florida, First District.
July 20, 2006.
*1246 Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, George Whitfield, challenges his burglary conviction, raising three arguments on appeal, only one of which merits discussion. Because we agree that the trial court abused its discretion in prohibiting defense counsel from cross-examining two witnesses about the exculpatory portion of appellant's statement to police after allowing the State to present the incriminating portion of his statement, we reverse appellant's burglary conviction and remand for a new trial on the burglary charge.
Appellant was charged by amended information with burglary of John Wilson's dwelling, possession of cocaine, petit theft, and possession of drug paraphernalia for use. The offenses allegedly occurred on September 1, 2004.
Just prior to trial, the State filed a Motion in Limine, seeking to prevent appellant from "elicit[ing] his self-serving, hearsay statements at the time of his arrest." Therein, the State argued that the evidence should not be admitted because it did not fall within any exception to the hearsay rule and was not admissible under any other principle of fairness, such as the rule of completeness. Defense counsel countered that the statements should be admitted "out of fairness and completeness," because they supported appellant's affirmative defense of consent, and because they were spontaneously made. The trial court reserved ruling on the matter.
During trial, John Wilson, the victim, testified that he had known appellant for "maybe ten, 15, 20 years" and that appellant had visited him two or three times in the past two-and-a-half years. On August 31, 2004, Wilson was arrested and taken to jail; he left $205 in paper money and $3 in change on his kitchen counter before going to jail. None of the windows of his apartment were broken when Wilson left for jail. When he later returned to his apartment, *1247 Wilson found that a window was broken and the money was missing from the counter. Wilson testified that appellant did not have a key to his apartment, had never spent the night at his apartment, and had never been at his apartment when Wilson was not there. Wilson did not give appellant permission to enter his apartment on August 31 or September 1, 2004.
Arthur Lee, Wilson's landlord, testified that on September 1, 2004, he became suspicious when he noticed a light on and a newly broken window at Wilson's apartment because he knew that Wilson had been arrested the day before and was not home. Lee called the police after he saw appellant sleeping on a bed inside the apartment. Lee never gave appellant permission to be in the apartment.
On cross-examination, Lee testified that appellant did not appear startled or try to run away when he was awakened by Deputy Behl, who responded to the scene. When defense counsel asked whether appellant told Lee that John Wilson had left him in the apartment when he was awoken, the prosecutor objected. After confirming that defense counsel was attempting to elicit appellant's hearsay statement made at the time of his arrest, the trial court informed her that it needed to be done through a proffer. During the proffer, Lee testified that at the time appellant was found in Wilson's apartment, appellant immediately and without hesitation stated that John had left him there.
Before ruling on the admissibility of Lee's testimony regarding appellant's statement, the trial court heard the proffered testimony of Deputy Robert Behl. Deputy Behl testified that after he asked appellant basic identification questions, he told him, "I'm here investigating a burglary, what are you doing here[?]" In response, appellant stated that he had permission to be there from the owner or lessee of the apartment. After the prosecutor argued that the statement was not a spontaneous one but a direct result of the deputy's questioning, which appellant had time to think about before making, defense counsel countered that regardless of whether the statement was spontaneous, the jury needed "to hear the complete answer for completeness." The trial court excluded the statement on the ground that it was hearsay.
Deputy Behl then testified that on the day in question, he responded to a possible burglary at Wilson's apartment. Behl contacted Wilson by telephone, and Wilson informed him that no one should have been in the apartment. Inside the apartment, Behl found appellant asleep on the bed, woke him up, and gathered information such as his name and date of birth. Behl subsequently arrested and searched appellant; he found very small Ziplock bags, which contained a substance that he suspected was cocaine, and a small metal pipe in one of appellant's pockets. At the jail, appellant was read his Miranda rights, which he seemed to understand, and subsequently agreed to speak with Behl. Appellant told Behl that he went to the apartment to smoke cocaine, that the metal pipe he had in his possession was used to smoke cocaine, and that he had known that Wilson was not at the residence on the day in question. At the jail, $229 in cash was found inside appellant's shoe. Behl conducted a field test of the substance found on appellant, and it tested positive as being cocaine.
The jury ultimately found appellant guilty of burglary of a dwelling, possession of cocaine, and possession of drug paraphernalia for use but did not reach a verdict as to the petit theft count. Appellant was sentenced to 89.8 months' imprisonment on the burglary and possession of cocaine counts, to run concurrently, and to *1248 time served on the possession of drug paraphernalia count. This appeal followed.
As a general rule, we will not reverse a trial court's ruling on the admissibility of evidence absent an abuse of discretion. McCray v. State, 919 So.2d 647, 649 (Fla. 1st DCA 2006); Russ v. State, 832 So.2d 901, 908 (Fla. 1st DCA 2002). Generally, a defendant's out-of-court self-serving exculpatory statements are inadmissible hearsay. Guerrero v. State, 532 So.2d 75, 76 (Fla. 3d DCA 1988); see also Barber v. State, 576 So.2d 825, 830 (Fla. 1st DCA 1991) ("When a defendant seeks to introduce his own prior self-serving statement for the truth of the matter stated, it is hearsay and it is not admissible."). However, the rule of completeness, which is codified in section 90.108(1), Florida Statutes (2004), provides:
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him or her at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously. An adverse party is not bound by evidence introduced under this section.
While the language of the statute suggests that the rule only applies to writings or recorded statements, in Eberhardt v. State, 550 So.2d 102, 105 (Fla. 1st DCA 1989), we applied the rule as follows:
Because portions of the defendant's conversation with the officer were admitted on direct examination, the rule of completeness generally allows admission of the balance of the conversation as well as other related conversations that in fairness are necessary for the jury to accurately perceive the whole context of what has transpired between the two. (citation omitted). Once the officer testified in the state's case-in-chief about one portion of Eberhardt's statements to him, the court erred in sustaining the state's hearsay objection for the reason that his statements he was "high" or intoxicated were self serving. (citation omitted).
Subsequently, in Christopher v. State, 583 So.2d 642, 646 (Fla.1991), the supreme court cited the portion of Eberhardt applying the rule of completeness to verbal communication with approval. See also Sweet v. State, 693 So.2d 644, 645 (Fla. 4th DCA 1997). The purpose of the rule is to "avoid the potential for creating misleading impressions by taking statements out of context." Larzelere v. State, 676 So.2d 394, 401 (Fla.1996). The proper standard for determining the admissibility of testimony under the rule is "whether, in the interest of fairness, the remaining portions of the statements should have been contemporaneously provided to the jury." Id. at 402. This determination of fairness falls within the discretion of the trial judge. Id.
Here, the State is correct that appellant's statement that John Wilson left him in the apartment or that he had the permission of the owner or lessee of the apartment to be there would generally constitute inadmissible hearsay. See Guerrero, 532 So.2d at 76; Barber, 576 So.2d at 830. However, the statement is one related to appellant's subsequent statement that he went to the apartment to smoke cocaine that, in fairness, was necessary for the jury to accurately perceive the entire context of what transpired between appellant and Deputy Behl. See Johnson v. State, 653 So.2d 1074, 1075 (Fla. 3d DCA 1995); Eberhardt, 550 So.2d at 105. While such a fairness determination is usually left within the discretion of the trial court, see Larzelere, 676 So.2d at 402, the trial court in this case ruled that the statement at issue was inadmissible solely on the ground that it was hearsay without making any fairness determination *1249 on the record. The content of the excluded statement would have served to amplify or explain the subsequent statement because, even if appellant entered the apartment with the intent to smoke cocaine inside, if his related statement that he did so with John Wilson's permission was allowed to be elicited on cross-examination, such evidence may have convinced the jury that appellant was not guilty of burglary. See § 810.02(1)(b)1., Fla. Stat. (2004) (defining burglary as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter") (emphasis added). Standing alone, the later statements left the jury with the mistaken impression that appellant did not assert that he had permission to be in the apartment when he was initially confronted by Deputy Behl and, thus, the exclusion of the statement gave the jury an incomplete picture of the events. See Johnson, 653 So.2d at 1075. Based on the foregoing, we conclude that the trial court abused its discretion in granting the State's motion in limine.
Furthermore, although Wilson testified that he did not give appellant permission to be in his apartment on the day in question, the credibility of witnesses and the weight of the evidence are questions for the jury. See State v. Nichols, 892 So.2d 1221, 1228 (Fla. 1st DCA 2005). Thus, if defense counsel had been allowed to elicit the statement at issue through cross-examination of Deputy Behl and Arthur Lee, the jury might have believed appellant's exculpatory statement over John Wilson's testimony. As such and given that the statement, if properly admitted, would have been the only evidence to support appellant's defense that he had permission to enter the apartment, we are unable to conclude that the error was harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (stating that the harmless error test places the burden on the State to prove beyond a reasonable doubt that the error did not contribute to the verdict).
Accordingly, we REVERSE appellant's burglary conviction and REMAND the cause to the trial court for a new trial on the burglary charge. We AFFIRM in all other respects.
BARFIELD, VAN NORTWICK, and LEWIS, JJ., concur.