*1226
 
 GROSS, C.J.
 

 Christopher Metz appeals his conviction for one count of dealing in stolen property. We reverse because the trial court erroneously excluded an exculpatory portion of Metz’s statement to a police officer that shed light on the inculpatory part admitted in evidence.
 

 The facts of this case are not at issue. Soon after a golf cart battery charger and other tools, including a weed eater and hedge trimmers, were stolen from a shed in a mobile home park, Metz sold the battery charger to another park resident. When police questioned him about it, he admitted selling the charger and led officers to the other tools, but he also told officers that a man named Clint had given him the items.
 

 At trial, a deputy sheriff testified that Metz admitted he sold the charger to another park resident and that he led the deputy to the weed eater and hedge trimmer located in a vacant lot. On cross examination, the trial court prevented Metz from bringing out the remainder of his statement to the deputy — that someone had given him the property and he did not know it had been stolen from the park tool shed until after being contacted by the authorities. Metz argued that his entire statement was admissible under the rule of completeness, subsection 90.108(1), Florida Statutes (2009), but the trial court ruled that the excluded words were “not necessary to understand the part of the statement” that the jury heard from the deputy-
 

 In closing argument, the state relied on Metz’s unexplained possession of the recently stolen property to argue that he knew or should have known the property was stolen. Consistent with subsection 812.022(2), Florida Statutes (2009), the trial court instructed the jury that
 

 [p]roof of possession of recently stolen property unless satisfactorily explained gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
 

 The trial court erred when it prevented the jury from hearing the exculpatory portion of Metz’s statement to the deputy because that portion of the statement was admissible under subsection 90.108(1), the rule of completeness. In
 
 Ramirez v. State,
 
 739 So.2d 568, 580 (Fla.1999), the Supreme Court described the operation of this rule:
 

 Codified at section 90.108, Florida Statutes (1995), the rule of completeness provides that “when a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him or her at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously.” This rule has been applied to verbal statements as well.
 
 See Christopher v. State,
 
 583 So.2d 642, 646 (Fla.1991);
 
 see also Reese v. State,
 
 694 So.2d 678, 683 (Fla.1997).
 

 “Fairness is clearly the focus of this rule.”
 
 Jordan v. State,
 
 694 So.2d 708, 712 (Fla.1997). Thus, when a party introduces part of a statement, confession, or admission, the opposing party is ordinarily entitled to bring out the remainder of the statement.
 
 See Larzelere [v. State],
 
 676 So.2d [394,] 402 [(Fla.1996)];
 
 see also Christopher,
 
 583 So.2d at 646. This rule is not absolute, and “the correct standard is whether, in the interest of fairness, the remaining portions of the statements should have been contemporaneously provided to the jury.”
 
 Larzelere,
 
 676 So.2d at 402.
 

 A defendant’s exculpatory out-of-court statement is admissible into evidence
 
 *1227
 
 when a state witness has testified to incriminating statements contemporaneously made by the defendant and “the jury should hear the remaining portions at the same time so as to avoid the potential for creating misleading impressions by taking statements out of context.”
 
 Mason v. State,
 
 719 So.2d 304, 305 (Fla. 4th DCA 1998);
 
 see also Whitfield v. State,
 
 933 So.2d 1245, 1248 (Fla. 1st DCA 2006);
 
 Husseain v. State,
 
 805 So.2d 1066, 1067 (Fla. 3d DCA 2002).
 

 The subsection 90.108(1) rule of completeness has been applied where excluded portions of a defendant’s statement relate to a defense to criminal charges. Thus, in
 
 Guerrero v. State,
 
 532 So.2d 75, 76-77 (Fla. 3d DCA 1988), the third district relied upon the rule to reverse a conviction for grand theft of a car where the trial court had excluded the part of the defendant’s statement containing his explanation that he did not know the car was stolen because his girlfriend had given it to him; as in this case, the excluded statement in
 
 Guerrero
 
 related to the defendant’s state of mind while possessing stolen property. In
 
 Sweet v. State,
 
 693 So.2d 644, 645 (Fla. 4th DCA 1997), we held that subsection 90.108(1) required admission of that portion of the defendant’s statement that related to his defense of voluntary intoxication.
 
 See also Mason,
 
 719 So.2d at 304-05 (holding that trial court erroneously excluded that portion of defendant’s statement pertaining to the defendant’s state of mind in an attempted burglary prosecution).
 

 The exclusion of Metz’s exculpatory statement to the deputy was not harmless error. One of the elements of dealing in stolen property is that a defendant knew or should have known that the property was stolen.
 
 See
 
 § 812.019(1), Fla. Stat. (2009). To obtain a conviction, the state relied on Metz’s possession of the property and the subsection 810.022(2) inference. The excluded explanation directly challenged one of the elements of the crime.
 

 Reversed and remanded for a new trial.
 

 HAZOURI and CIKLIN, JJ., concur.