PER CURIAM.
Marla Diane Swearingen appeals her conviction for aggravated assault with a firearm and the mandatory minimum sentence of twenty years in prison imposed for that offense. We reverse.
A detailed recital of the underlying facts is unnecessary to the resolution of this case. Suffice it to say that the panoply of trial errors is clearly discernable from the record and the ineffectiveness of Ms. Swearingen’s representation, for which a tactical explanation is inconceivable, is abundantly apparent on the face of the record and caused prejudice that is indisputable.[1] As a result, Ms. Swearin- *886 gen did not receive a fair trial. Accordingly, we reverse her conviction and remand this case for a new trial.
On remand, we remind the parties that, pursuant to the rule of completeness set forth in section 90.108(1), Florida Statutes (2011), all portions of Ms. Swearin-gen’s statements should be provided, contemporaneously, to the jury and not just those that benefit the State. See Ramirez v. State, 739 So.2d 568, 580 (Fla.1999); Metz v. State, 59 So.3d 1225 (Fla. 4th DCA 2011); Whitfield v. State, 933 So.2d 1245 (Fla. 1st DCA 2006). As the court explained in Whitfield:
[T]he purpose of the rule is to “avoid the potential for creating misleading impressions by taking statements out of context.” The proper standard for determining the admissibility of testimony under the rule is “whether, in the interest of fairness, the remaining portions of the statements should have been contemporaneously provided to the jury.”
Id. at 1248 (quoting Larzelere v. State, 676 So.2d 394, 401, 402 (Fla.1996)); see also Metz, 59 So.3d at 1226-27 (“A defendant’s exculpatory out-of-court statement is admissible into evidence when a state witness has testified to incriminating statements contemporaneously made by the defendant and ‘the jury should hear the remaining portions at the same time so as to avoid the potential for creating misleading impressions by taking statements out of context.’ ” (quoting Mason v. State, 719 So.2d 304, 305 (Fla. 4th DCA 1998))). Although section 90.108(1), Florida Statutes (2011), speaks in terms of written or recorded statements, “[t]his rule has been applied to verbal statements as well.” Ramirez, 739 So.2d at 580 (citing Reese v. State, 694 So.2d 678, 683 (Fla.1997); Christopher v. State, 583 So.2d 642, 646 (Fla.1991)); see also Metz, 59 So.3d at 1226. The violation of this rule alone requires reversal under the facts and circumstances of this case. We further caution the State that this court will not condone mischaracterization of the evidence to the jury, its vouching for credibility of witnesses, personal opinions regarding Ms. Swearingen’s guilt, or the disparagement of defense witnesses.[2] Nothing less than adherence to the rules of evidence is acceptable.
Ms. Swearingen was entitled to a fair trial and effective assistance of trial eoun- *887 sel. She received neither. Accordingly, we reverse the conviction and sentence and remand for a new trial.
REVERSED and REMANDED.
SAWAYA, PALMER and MONACO, JJ., concur.

. See Hills v. State, 78 So.3d 648, 653-54 (Fla. 4th DCA 2012) (reversing on direct appeal two counts of sexual battery on a child under the age of twelve based on ineffective assistance of counsel; concluding that the ineffectiveness was obvious on the face of the appellate record, the prejudice caused by the conduct was indisputable, and a tactical explanation for the conduct was inconceivable); Larry v. State, 61 So.3d 1205, 1207 (Fla. 5th DCA 2011) (reducing conviction for selling a controlled substance within a thousand feet of a convenience store to the necessarily lesser-included offense of delivery of a controlled substance; concluding on direct appeal that the ineffectiveness of defense counsel's representation was obvious from the record, the prejudice caused thereby was indisputable, and a tactical explanation was inconceivable); Spicer v. State, 22 So.3d 706, 707-08 (Fla. 5th *886 DCA 2009) (reversing conviction for aggravated battery on direct appeal; finding that ineffectiveness was apparent on the face of the record, that prejudice was indisputable, and that there was no tactical explanation for erroneously telling the jury in closing argument that the defendant rather than the State had the burden of proving all of the elements of the defendant’s only affirmative defense). We note that Ms. Swearingen’s appellate counsel was not her trial counsel.

. For example, the prosecutor misstated tire evidence when the prosecutor informed the jury that the victim told the 911 operator that a bullet “whizzed” past his head. Review of the transcript of the recording of the 911 call by the victim reveals that no such statement was made. Not only did the victim never say during the 911 call that a bullet went past his head, he never testified to that at trial. The prosecutor also made the outlandish claim, not supported by any evidence, that if Ms. Swearingen had fired the gun straight up in the air as she testified, the bullet would have landed right in front of her. In addition, the prosecutor, who was not a witness in the case, impeached Ms. Swearingen’s testimony that there was another witness to the assault by telling the jury that the State had spoken to the alleged witness and that she denied that she saw anything. After disparaging the testimony of a defense witness and hearing the defense objection sustained, the prosecutor continued, “Well, I’m sorry. I’m just — -I’m incredulous.” These are but a few examples of the egregious conduct that, even in the absence of the violation of the rule of completeness, would have precipitated a reversal. We set them forth here, trusting that there will not be a reoccurrence of such conduct on remand.