PER CURIAM.
Appellant was found guilty of aggravated battery upon a law enforcement officer. As part of the investigation leading up to the trial, Appellant provided a recorded statement. The State moved to redact certain portions of the statement dealing with Appellant’s mental illness and the medication he was taking at the time of the statement for treatment of his mental illness. In support of its argument to redact, the State claimed that the portions of Appellant’s statements relating to mental illness were irrelevant to the facts of the case. Appellant argued, the evidence of his illness would be relevant to his contention that his custodial statement had been involuntary as a result of his medication and illness. ■ The trial court granted the State’s motion and played the redacted audiotape for the jury. We find this is error and reverse and remand for a new trial.
Appellant’s defenses to the charge were that: (1) someone else committed the crime, and (2) Appellant had been coerced into confessing to a crime he did not commit. By granting the State’s motion to redact a .portion of Appellant’s statement, the court denied Appellant the benefit of his theory of defense.
Morrison v. State, 855 So.2d 693, 694 (Fla. 3d DCA 2003), has similar facts to this case. In Morrison, the State introduced a voluntary confession, but over the defense’s proper objection, the trial court permitted the State to selectively redact those portions of Morrison’s statement referring to his mental illness and to his being on medication for a mental illness at the time he committed the crime. Id. The court found the redaction was not harmless error because the content and context of the entire statement was directly related to Morrison’s state of mind at the time of the offense. Id.
Redacting portions of Morrison’s statement precluded the jury from considering all of the relevant evidence necessary to establish the element of intent required by the crime charged, as well as the crime for which Morrison was eventually found guilty. Id. Morrison is similar to this case in that the jury did not have the benefit of Appellant’s entire statement, including that portion related to his mental illness and the medication that he was taking. The redacted portion relates directly to the voluntariness of the statement. The jury was properly instructed on the effect of the statement, but it only had a portion of the statement and could not evaluate the “totality of the circumstances” as required by the law. Also, the rule of completeness as set forth in section 90.108(1), Florida Statutes (2012), requires that all portions of Appellant’s statements should be provided contemporaneously to the jury, not just those that benefit the State. See Ramirez v. State, 739 So.2d 568, 580 (Fla.1999); see also Swearingen v. State, 91 So.3d 885, 886 (Fla. 5th DCA 2012).
Redacting portions of Appellant’s recorded statement requires reversal, and the case is remanded for a new trial.
REVERSED and REMANDED.
TORPY, C.J., LAWSON, J. and JACOBUS, B.W., Senior Judge, concur.