PER CURIAM.
James Newton appeals a judgment and sentence for DUI manslaughter[1] following a jury trial. He argues that the trial court abused its discretion in precluding him from admitting an exculpatory statement. *525 Although we agree that the trial court erred, we find the error harmless and affirm.
Shortly after Newton began dating Terri Dennis, the victim, he brought her to a bar for spirits and karaoke. After leaving the bar, the couple got into Newton’s pickup truck and left the parking lot in “dramatic” fashion, by spinning a “donut” and then “burn[ing] out” at a nearby stoplight. Approximately four miles from the bar, the truck veered off of the road, causing the driver to lose control of the vehicle. The truck then slid back across the road, went through a fence, collided with a power pole and tree, overturned, and came to rest upside down in a field.
As a result of the accident, the driver’s side of the truck was crushed, while the passenger’s side sustained significantly less damage. During the accident, Dennis was ejected from the truck, and she died from blunt force trauma. The majority of her injuries were on the right side of her body, and the injuries to the right side of her face and neck were consistent with having been caused by glass. When the authorities arrived, they found Newton trapped in the wreckage; his foot was stuck between the steering wheel and the ceiling of the truck’s cabin, and one of his sandals was wedged beneath the brake pedal. His sandal had impressions consistent with the tread on the brake pedal.
Newton suffered significant head and upper-body injuries and testified that, due to those injuries, he had no memory of the evening. A blood sample taken from Newton revealed that he had a blood alcohol level of .19 — over twice the legal limit. Subsequently, the State charged Newton with DUI manslaughter and two counts of DUI impairment causing property damage.
At trial, Newton’s defense was that Dennis was driving the truck. Given the observations of the first trooper on the scene and the blood alcohol test results, Newton did not contest the fact that he was intoxicated.
Thus, the trial became a battle of the experts. The State presented the testimony of traffic homicide investigator and accident reconstruction expert, Vinson Parnell, who opined about how the accident occurred. He testified that, as the driver navigated a Curve in the road, the truck’s right-side tires left the road, and the driver lost control. The truck then rotated and slid across the road, causing the truck to overturn. As the truck overturned, the truck bed collided with a power pole and tree and continued to roll. Parnell explained that Dennis was ejected from the truck as it rolled over. Furthermore, based on the damage to the truck, Dennis’s and Newton’s injuries, and the location of Newton’s sandal under the brake pedal, Parnell concluded that Newton was the driver.
The State also presented the testimony of forensic engineer John Murdoch. Like Parnell, he concluded that Newton was the driver. Unlike Parnell, however, he opined that Dennis was ejected from the truck upon impact with the power pole, not as a result of the rollover. According to his calculations, the rollover did not generate sufficient energy to propel Dennis the distance that she traveled upon ejection.
In response, the defense presented Robert Drawdy, a retired traffic homicide investigator and former acquaintance of Newton’s stepfather. Contrary to the State’s experts, Drawdy concluded that Dennis was the driver. He theorized that, as the truck overturned, gravity forced Dennis to the right side of the truck until she was abruptly stopped by the truck’s center console, which forced her feet up. Dennis was then propelled feet first *526 through the driver’s side window by the centrifugal force generated by the truck colliding with the pole. The collision also forced Newton out of the passenger seat.[2] As the truck overturned, Newton’s feet would have been forced to the left side of the vehicle. When the truck landed on its top, Newton’s foot became trapped between the top of the steering wheel and the collapsed roof.
On rebuttal, Murdoch testified that Drawdy failed to complete the necessary calculations, his accident reconstruction was inaccurate, and the truck’s damage was inconsistent with his testimony. He also opined that Dennis could not have been ejected feet first. Because only 300 milliseconds separated the collision with the pole and rollover, he explained, it was impossible for Dennis to move out from underneath the steering wheel and position her feet above the steering wheel.
During its case-in-chief, the State also presented the testimony of Kevin Scott, one of the first paramedics to respond to the accident. On direct-examination, the prosecution asked Scott whether Newton made any “statements about his consumption of alcohol,” to which Scott responded, “It states in my report that he stated, in quotes, T am drunk.’ ”
On cross-examination, the defense sought to elicit the remainder of Newton’s statement, made immediately thereafter, wherein he told Scott that he had not been driving. The prosecution objected to the second half of Newton’s statement on the ground that it was “self-serving hearsay.” Newton responded that the remainder of the statement was admissible under the rule of completeness. The court disagreed and sustained the prosecution’s objection, finding that Newton’s statement was “self-serving hearsay.”
On appeal, the State concedes that the trial court abused its discretion by barring Newton’s exculpatory statement. Although the trial court was correct that Newton’s statement was hearsay, i.e., an out-of-court statement being offered for its truth, an exception to the hearsay rule applies when the statement “in fairness ought to be considered contemporaneously.” § 90.108(1), Fla. Stat. (2014). Known as the “rule of completeness,” this rule avoids creating a misleading impression by taking a statement out of context. Swearingen v. State, 91 So.3d 885, 886 (Fla. 5th DCA 2012) (quoting Whitfield v. State, 933 So.2d 1245, 1248 (Fla. 1st DCA 2006)). The rule of completeness allows a court to admit a defendant’s out-of-court statement when a state witness has “testified to incriminating statements contemporaneously made by the defendant.” Husseain v. State, 805 So.2d 1066, 1067 (Fla. 3d DCA 2002); accord Swearingen, 91 So.3d at 885; Metz v. State, 59 So.3d 1225, 1226-27 (Fla. 4th DCA 2011); Whitfield, 933 So.2d at 1248. As we held in Antoury v. State, 943 So.2d 906 (Fla. 5th DCA 2006), “when the State opens the door, the defense can introduce otherwise inadmissible evidence to prevent the jury from being misled.”’ Id. at 909.
Accordingly, we need only determine whether the error was harmless. As the beneficiary of the error, the State has the burden to prove beyond a reasonable doubt that the error did not impact the conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
We believe that the State has met that burden. There is no question that Newton was intoxicated beyond the legal limit for driving. The only element Newton disputed was whether he was driving at the time of the accident. Although Newton did all *527 that he could to create a reasonable doubt as to the issue of whether he was driving, the evidence from his expert (and other witnesses) was incredible in light of the substantial physical evidence objectively pointing to the conclusion that Newton had to have been driving. Considering the entire record, we see no reasonable possibility that admission ,of Newton’s normally inadmissible, self-serving hearsay statement would have affected the jury’s verdict.
AFFIRMED.
LAWSON and BERGER, JJ., concur.
COHEN, J., dissents, with opinion.

. Newton was also convicted of two counts of DUI impairment causing property damage.

. Neither Dennis nor Newton wore a seat belt.