COHEN, J.,
dissenting.
I would reverse Newton’s conviction and remand for a new trial. Neither party disputes that the second half of Newton’s statement should have been admitted under the rule of completeness, even if it was self-serving and exculpatory.[3] This conclusion is supported by the Florida Evidence Code,[4] our decision in' Antoury v. State, 943 So.2d 906, 909 (Fla. 5th DCA 2006), and a myriad of other cases holding that when the State elicits part of a defendant’s admission, other relevant portions of that statement are admissible to provide context, see, e.g., Metz v. State, 59 So.3d 1225, 1226-27 (Fla. 4th DCA 2011); Sweet v. State, 693 So.2d 644, 645 (Fla. 4th DCA 1997); Somerville v. State, 584 So.2d 200, 201 (Fla. 1st DCA 1991); Guerrero v. State, 532 So.2d 75, 76 (Fla. 3d DCA 1988).
Because the State concedes error, the only issue on appeal is whether the error was harmless. Although the majority has correctly set forth the standard for harmless error, applying the standard is inexact.
Harmless error arises in numerous contexts, including argument of counsel, jury instructions, and evidentiary rulings. With evidentiary issues, one of two scenarios is typically at play: the State has improperly admitted something into evidence, or the defense was precluded from admitting otherwise admissible evidence. The first is easier to analyze, while the second is usually more problematic. Like trying to prove a negative, we must attempt to determine whether the excluded evidence might have impacted the outcome of the trial.
In reaching this determination, it is difficult not to weigh the evidence. Although the majority may have found the defense expert’s testimony suspect,[5] the jury, may have viewed that testimony differently had it been apprised of Newton’s on-scene denial of being the driver of the truck, partic *528 ularly because that denial occurred shortly after the accident. Considering Newton’s exculpatory statement, coupled with the fact that the State’s two experts had areas of disagreement,[6] I cannot agree that the State met its burden of establishing harmless error. I am unable to say that the excluded evidence would not have impacted the jury’s verdict. Accordingly, I would reverse for a new trial.

.The prosecutor strategically crafted his question to the paramedic to elicit only the first half of Newton's statement. Given the context of the entire trial, the utility of eliciting this statement is mysterious. The State placed Newton at a bar prior to the accident, had the observations of the first paramedic on the scene, and presented test results showing that Newton’s blood alcohol level was over twice the legal limit. Additionally, Newton's counsel’s opening statement clearly outlined that the issue in the case was whether the State could prove that Newton was the driver of the truck, not whether Newton was impaired. Thus, in asking about Newton's admission that he was drank, the prosecutor elicited only cumulative evidence, but opened the door for admission of the remaining exculpatory portion of the statement.

. § 90.108(1), Fla. Stat. .(2014) ("When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him or her at that time to introduce any other part or any other writing or recorded statement that in fairness ought to be considered contemporaneously.”).

. Newton’s stepfather, who first contacted the defense expert, referred to him as a friend; however, the witness described their relationship as professional.

. The experts disagreed about the point at which the vehicle began to roll over and the manner in which Dennis was ejected from the truck.