IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES M. NEWTON,

      Appellant,

v.                                                                    Case No.  5D16-4339

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 13, 2017

3.850 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

James M. Newton, Orlando, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.


EVANDER, J.

James Newton was convicted of DUI manslaughter and two counts of DUI with

property damage.  In March 2015, this court affirmed Newton's convictions.  *Newton v.*

*State*, 160 So. 3d 524 (Fla. 5th DCA 2015).  Thereafter, Newton filed a motion for

postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising

fourteen claims.  In March 2016, the trial court entered an order summarily denying

Newton's motion. Newton appealed, and we reversed as to claims eight, twelve, thirteen, and fourteen. We remanded for the trial court to either attach portions of the record refuting each of these claims or hold an evidentiary hearing. *Newton v. State*, 201 So. 3d 1243 (Fla. 5th DCA 2016). On remand, the trial court attached additional documents to its order, but again summarily denied claims eight, twelve, thirteen, and fourteen. Newton then appealed the remanded order. We reverse the summary denial of Newton's twelfth claim, but otherwise affirm.

At trial, the evidence established that on the evening in question, Newton and the victim left a bar in Newton's pick-up truck. Approximately four miles later, the truck veered off the road, causing the driver to lose control of the vehicle. The truck then slid back across the road, went through a fence, collided with a power pole and tree, overturned, and came to rest upside down in a field. The victim was ejected from the truck and died as a result of blunt force trauma. Newton was found still trapped in the truck with his feet between the steering wheel and ceiling. Newton suffered significant injuries and had no recollection of the evening's events.

Newton's defense was that the victim was the vehicle's driver. The State presented testimony from two expert witnesses, an accident reconstruction expert and a forensic engineer, who both opined that Newton had been the driver. Newton produced the testimony of Robert Drawdy, a retired traffic homicide investigator, who opined that the victim had been the driver.

In claim twelve of his motion for postconviction relief, Newton alleged that his trial counsel was ineffective for failing to properly prepare Drawdy as the defense expert witness. Newton's motion included an affidavit from Drawdy in which Drawdy claimed,

2

*inter alia*, that defense counsel failed to discuss the case with him and failed to provide the exhibits he requested for trial. In summarily denying this claim, the trial court cited to various portions of Drawdy's trial testimony and concluded:

> There is no evidence that the expert's testimony was not credible or that he lost credibility; or that the expert was not provided required additional information. Therefore, the defendant has failed to demonstrate that trial counsel failed to properly prepare the expert witness and that the outcome of the case would have been different.

However, the essence of Newton's claim was that Drawdy's testimony would have been different and more effective, but for trial counsel's alleged ineffectiveness during trial preparation. The transcript excerpts attached to the trial court's order were insufficient to conclusively refute that claim.

On remand, the trial court must either attach records conclusively refuting Newton's twelfth claim, or hold an evidentiary hearing.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

LAMBERT and EDWARDS, JJ., concur.